## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER HUGHES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | |
| KENNY HURST, XTL, INC., and | : | |
| JOHN DOE, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL OF ACTION

Defendants, Kenny Hurst and XTL, Inc., by and through their attorneys, Salmon, Ricchezza, Singer & Turchi, LLP, respectfully aver as follows:

1. Plaintiff commenced a civil action against defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about October 25, 2021, as a result of an alleged December 27, 2019 motor vehicle accident. See Exhibit "A" – Plaintiff's Complaint.

2. The Complaint, being the original process in this case, was first served on defendants, XTL, Inc. and Kenny Hurst, no earlier than October 26, 2021.

3. Accordingly, this Notice of Removal was filed within the time frame set forth in 28 U.S.C. §1446(d).

4. According to the Complaint, as a result of the aforesaid accident, plaintiff allegedly sustained "serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, wrists, hips, legs, knees and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured including but not limited to disc

bulges at C2-C3, C3-C4, C4-C5 and C5-C6, disc protrusions at L3-L4, lumbar sprain and strain, hand contusion; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature." See Exhibit "A" at ¶ 14.

5. As a further result of the alleged carelessness, negligence and recklessness of defendants, plaintiff "has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of his [sic] earnings and earning capacity, all to his [sic] great and continuing detriment and loss. See Exhibit "A" at ¶ 15.

6. As a further result of the alleged carelessness, negligence and recklessness of defendants, plaintiff "has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws." See Exhibit "A" at ¶ 16.

7. As a further result of the alleged carelessness, negligence and recklessness of defendants, plaintiff "has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical

expenditures for an indefinite time in the future, all to her great and continuing detriment and loss." See Exhibit "A" at ¶ 17.

8. Plaintiff demanded damages "for an amount in excess of Fifty Thousand ($50,000.00) Dollars." See Exhibit "A."

9. Based upon a fair reading of the Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

10. At all times material hereto, plaintiff was and is a resident and citizen of the State of New Jersey, residing at 115 La Cascata, Clementon, New Jersey 08021. See Exhibit "A" – Plaintiff's Complaint.

11. At all times material hereto, defendant, XTL, Inc., was and is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

12. At all times material hereto, defendant, Kenny Hurst, was and is a resident and citizen of the Commonwealth of Pennsylvania, residing at 953 Granite Street, Philadelphia, Pennsylvania.

13. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiff and defendants since:

    a) Plaintiff is a resident and citizen of the State of New Jersey; and

    b) Defendants are residents and citizens of the Commonwealth of Pennsylvania.

15. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that

defendants are entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

WHEREFORE, defendants, Kenny Hurst and XTL, Inc., pray that the above action now pending against them in Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

Respectfully submitted,

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By: */s/ Robyn D. Kazatsky*
Robyn D. Kazatsky
Attorneys for Defendants
Kenny Hurst and XTL, Inc.
1601 Market Street, Suite 2500
Philadelphia, PA 19103
rkazatsky@srstlaw.com
(T): (215) 606-6600
(F): (215) 279-9732

Dated: November 24, 2021

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for plaintiff addressed as follows:

> Louis B. Himmelstein, Esquire
> Louis B. Himmelstein & Associates, P.D.
> 1420 Walnut Street, Suite 1000
> Philadelphia, PA 19102
> *Attorneys for Plaintiff*

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

*/s/ Robyn D. Kazatsky*
Robyn D. Kazatsky

Dated: November 24, 2021

{00423332.DOC}

# EXHIBIT "A"

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**OCTOBER 2021**  **001967**
E-Filing Number: 2110048349

| | |
|---|---|
| **PLAINTIFF'S NAME** JENNIFER HUGHES | **DEFENDANT'S NAME** KENNY HURST |
| **PLAINTIFF'S ADDRESS** 115 LA CASCATA CLEMENTON NJ 08021 | **DEFENDANT'S ADDRESS** 3200 SOUTH 70TH STREET PHILADELPHIA PA 19153 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** XTL INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 3200 SOUTH 70TH STREET PHILADELPHIA PA 19153 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** JOHN DOE |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 123 MAIN STREET ANYWHERE PA 00000 |

**TOTAL NUMBER OF PLAINTIFFS:** 1
**TOTAL NUMBER OF DEFENDANTS:** 3
**COMMENCEMENT OF ACTION:** [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions

**AMOUNT IN CONTROVERSY:**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS:**
[ ] Arbitration   [ ] Mass Tort         [ ] Commerce          [ ] Settlement
[ ] Jury          [ ] Savings Action    [ ] Minor Court Appeal [ ] Minors
[X] Non-Jury      [ ] Petition          [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
OCT 25 2021
M. RUSSO

**IS CASE SUBJECT TO COORDINATION ORDER?**  YES  NO

## TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JENNIFER HUGHES
Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY** LOUIS B. HIMMELSTEIN | **ADDRESS** LOUIS B HIMMELSTEIN&ASSOCIATES 1420 WALNUT ST SUITE 1000 PHILADELPHIA PA 19102 |
| **PHONE NUMBER** (215)790-9996 | **FAX NUMBER** (215)790-9055 |
| **SUPREME COURT IDENTIFICATION NO.** 41140 | **E-MAIL ADDRESS** lawyers@himmelsteinlawoffices.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** LOUIS HIMMELSTEIN | **DATE SUBMITTED** Monday, October 25, 2021, 02:23 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF


Filed and Attested by the
Office of Judicial Records
25 OCT 2021 12:53 pm
M. RUSS

| | |
|---|---|
| Jennifer Hughes<br>115 La Cascata, Clementon, NJ 08021<br>vs.<br>Kenny Hurst<br>3200 South 70th Street, Philadelphia, PA 19153<br>and<br>XTL Inc.<br>3200 South 70th Street, Philadelphia, PA 19153<br>and<br>John Doe<br>123 Main St, Anywhere, USA 00000 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>TERM, 2021<br><br>No.<br><br>**Civil Action Complaint** |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO

ENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center, Filadelfia, Pennsylvania 19107
(215)-238-63

Case ID: 211001967

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Jennifer Hughes<br>115 La Cascata, Clementon, NJ 08021<br>vs.<br>Kenny Hurst<br>3200 South 70th Street, Philadelphia, PA 19153<br>and<br>XTL Inc.<br>3200 South 70th Street, Philadelphia, PA 19153<br>and<br>John Doe<br>123 Main St, Anywhere, USA 00000 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>TERM, 2021<br><br>No.<br><br>**Civil Action Complaint** |

## COMPLAINT

**COMES NOW**, Plaintiff, **Jennifer Hughes,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and hereby claims damages of the Defendant(s) individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Jennifer Hughes,** is an adult individual, resident and citizen of the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Plaintiff, **Jennifer Hughes,** was caused to sustain severe injuries due to a collision hereinafter described.

2. Defendant, **Kenny Hurst,** (hereinafter also referred to as Defendant(s)), is an adult individual, resident and citizen of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain truck vehicle, which vehicle was involved in the collision hereinafter described, and which vehicle is the subject of this cause of action.

3. Defendant, **XTL Inc.,** (hereinafter also referred to as Defendant(s)), is a corporation, limited liability company, partnership and/or other similar business entity which regularly conducts

business in the City of Philadelphia, Commonwealth of Pennsylvania, having an office at the above address, and at all times herein material, Defendant did own, possess, control, maintain and/or allow a dangerous driver, namely **Kenny Hurst**, who was in the course and scope of his employment with Defendant, to operate a certain truck vehicle, which vehicle was involved in the collision hereinafter described, and which vehicle is the subject of this cause of action.

4. Defendant, **John Doe**, is a fictitious individual meant to represent the owner, officer, director, manager, agent, representative, and/or independent contractor of the aforementioned Defendant(s) who acted for all pertinent purposes within the scope and course of employment with co-Defendant and/or otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein, which includes the use, control and operation of the truck vehicle which struck Plaintiff. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

5. At all times herein material, Defendants were either acting individually and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees who were acting in the course and scope of their/her/her employment and in the furtherance of each of the Defendants' businesses and affairs.

6. On or about Friday, December 27, 2019, Plaintiff, **Jennifer Hughes,** was operating and/or entering a Traverse vehicle, which vehicle was stopped at and/or near the intersection of Cheltenham Avenue and Broad Street, being public roads in the City of Philadelphia, Commonwealth of Pennsylvania.

7. At the aforementioned time and location, Defendant, **Kenny Hurst** was operating a certain truck/tractor trailer vehicle, also at and/or near the intersection of Cheltenham Avenue and Broad Street, and when the vehicle operated by Defendant reached a certain point at and/or near the aforesaid location, the Defendant, **Kenny Hurst,** operated the vehicle in such a careless, reckless and negligent manner that Defendant failed to be cognizant of vehicles in front of him and did strike Plaintiff's parked/stopped vehicle.

As a sole and direct result of the collision, Plaintiff, **Jennifer Hughes,** was moved violently about inside her vehicle, and sustained serious, painful and permanent personal injuries and damages.

8. At all times herein material Defendant, **Kenny Hurst,** was the individual who negligently operated the truck/tractor trailer vehicle, and failed to be cognizant of the surroundings, thereby causing the collision to occur with the vehicle Plaintiff was in, thereby causing Plaintiff to be thrown violently about.

9. Defendant, **Kenny Hurst**, operated the vehicle in such a careless, reckless and negligent manner that he did not stay in her lane of travel and/or the driving area of the street and veered into Plaintiff's vehicle which was stopped/parked.

10. At all times herein material, Defendant, **XTL Inc.** was the owner of the truck/tractor trailer vehicle, and did allow a dangerous driver to use it, **Kenny Hurst** thereby causing the collision to occur which resulted in Plaintiff's injuries. At all times material Defendant XTL Trucking Inc. is/was responsible for the negligence of its driver and employees under respondeat superior.

11. It is further averred that Defendant, **Kenny Hurst,** was not watching the road, and negligently drove the vehicle directly into Plaintiff's vehicle.

12. At the aforementioned location, it is believed and therefore averred that Defendant, **Kenny Hurst** was traveling at an excessive and dangerous rate of speed under the circumstances.

13. The accident was caused solely by the careless, reckless and negligent conduct of the Defendants, and was in no manner due to any act or failure to act on the part of Plaintiff.

14. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants, Plaintiff, **Jennifer Hughes ,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, wrists, hips, legs, knees and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured including but not limited to disc bulges at C2-C3, C3-C4, C4-C5 and C5-C6, disc protrusions at L3-L4, lumbar sprain and strain, hand contusion; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet

been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

15. As a further result of the accident aforesaid, Plaintiff, **Jennifer Hughes,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of his earnings and earning capacity, all to his great and continuing detriment and loss.

16. As a further result of this accident, Plaintiff, **Jennifer Hughes,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

17. As a further result of this accident, Plaintiff, **Jennifer Hughes,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

18. As a direct and sole result of this accident, Plaintiff, **Jennifer Hughes,** has or may hereinafter incur other financial expenses and/or other losses including but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages, including the cost of repair and/or replacement of her vehicle which was damaged in the accident; all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

Case ID: 211001967

19. As a further result of the instant occurrence, Plaintiff, **Jennifer Hughes**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Jennifer Hughes**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT I
### PLAINTIFF vs. KENNY HURST

20. Plaintiff hereby incorporates by reference the previous paragraphs as if the same were set forth fully at length herein.

21. At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

(a) Striking Plaintiff's vehicle;

(b) Operating the vehicle at a high, excessive and dangerous rate of speed under the circumstances;

(c) Operating the vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;

(d) Operating said vehicle without keeping a proper lookout for road and traffic conditions;

(e) Disregarding the position of Plaintiff's vehicle on the roadway;

(f) Failing to exercise due care under the circumstances;

(g) Being otherwise careless and negligent;

(h) Straying from the proper lane of travel and striking a stopped vehicle;

(i) Failing to use the required degree of skill and care in the operation of the vehicle;

(j) Operating said vehicle in a reckless manner;

(k) Failing to properly maintain and/or repair and/or inspect said vehicle;

(l) Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

Case ID: 211001967

(m) Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

(n) Failing to slow down Defendant's vehicle prior to striking Plaintiff's vehicle;

(o) Failing to obey a traffic control device;

(p) Failing to apply the brakes in a timely fashion;

(q) Failing to have said vehicle under proper and/or adequate control;

(r) Failing to see Plaintiff's vehicle on the roadway;

(s) Driving while distracted;

(t) Failing to use caution when operating a vehicle so close to another vehicle;

(u) Being otherwise negligent as revealed in discovery;

(v) Striking a stopped vehicle;

(w) Failing to keep eyes on the road;

(x) Failing to sound the horn;

(y) Failing to keep a foot on the break;

(z) Failing to have adequate and/or working headlights;

(aa) Failing to concentrate on driving;

(bb) Failing to slow down;

(cc) Failing to be cognizant of stopped/parked vehicles;

(dd) Failing to stay in the traffic lane;

(ee) Operating a vehicle without a clear view of the outside.

(ff) Operating a vehicle without adequate sleep or rest periods prior thereto

(gg) Operating a vehicle without the requisite alertness to do so

22. As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Jennifer Hughes**, sustained serious, painful and permanent orthopedic and neurological injuries.

Case ID: 211001967

**WHEREFORE**, Plaintiff, **Jennifer Hughes,** claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## PLAINTIFF vs. XTL INC.

23. Plaintiff hereby incorporates by reference the previous paragraphs as if the same were set forth fully at length herein.

24. At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

   (a) Striking Plaintiff's vehicle;

   (b) Operating the vehicle at a high, excessive and dangerous rate of speed under the circumstances;

   (c) Operating the vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;

   (d) Operating said vehicle without keeping a proper lookout for road and traffic conditions;

   (e) Disregarding the position of Plaintiff's vehicle on the roadway;

   (f) Failing to exercise due care under the circumstances;

   (g) Being otherwise careless and negligent;

   (h) Straying from the proper lane of travel and striking a stopped vehicle;

   (i) Failing to use the required degree of skill and care in the operation of the vehicle;

   (j) Operating said vehicle in a reckless manner;

   (k) Failing to properly maintain and/or repair and/or inspect said vehicle;

   (l) Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

   (m) Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

   (n) Failing to slow down Defendant's vehicle prior to striking Plaintiff's vehicle;

   (o) Failing to obey a traffic control device;

(p) Failing to apply the brakes in a timely fashion;

(q) Failing to have said vehicle under proper and/or adequate control;

(r) Failing to see Plaintiff's vehicle on the roadway;

(s) Driving while distracted;

(t) Failing to use caution when operating a vehicle so close to another vehicle;

(u) Being otherwise negligent as revealed in discovery;

(v) Striking a stopped vehicle;

(w) Failing to keep eyes on the road;

(x) Failing to sound the horn;

(y) Failing to keep a foot on the break;

(z) Failing to have adequate and/or working headlights;

(aa) Failing to concentrate on driving;

(bb) Failing to slow down;

(cc) Failing to be cognizant of stopped/parked vehicles;

(dd) Failing to stay in the traffic lane;

(ee) Operating a vehicle without a clear view of the outside.

(ff) Operating a vehicle without adequate sleep or rest periods prior thereto

(gg) Operating a vehicle without the requisite alertness to do so

(hh) Negligent entrustment of a vehicle

(ii) Failing to adequately hire, train, and/or supervise their employees/drivers

(jj) Having drivers operate their vehicles without adequate sleep/rest periods to ensure proper alertness necessary to operate the vehicle

(kk) Failing to have proper safety measures in place to ensure the requisite alertness of their drivers/employees

25.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Jennifer Hughes**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Jennifer Hughes**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT III**
**PLAINTIFF vs. JOHN DOE**

26.     Plaintiff hereby incorporates by reference the previous paragraphs as if the same were set forth fully at length herein.

27.     At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

- (a) Striking Plaintiff's vehicle;
- (b) Operating the vehicle at a high, excessive and dangerous rate of speed under the circumstances;
- (c) Operating the vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;
- (d) Operating said vehicle without keeping a proper lookout for road and traffic conditions;
- (e) Disregarding the position of Plaintiff's vehicle on the roadway;
- (f) Failing to exercise due care under the circumstances;
- (g) Being otherwise careless and negligent;
- (h) Straying from the proper lane of travel and striking a stopped vehicle;
- (i) Failing to use the required degree of skill and care in the operation of the vehicle;
- (j) Operating said vehicle in a reckless manner;
- (k) Failing to properly maintain and/or repair and/or inspect said vehicle;
- (l) Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;
- (m) Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

(n) Failing to slow down Defendant's vehicle prior to striking Plaintiff's vehicle;

(o) Failing to obey a traffic control device;

(p) Failing to apply the brakes in a timely fashion;

(q) Failing to have said vehicle under proper and/or adequate control;

(r) Failing to see Plaintiff's vehicle on the roadway;

(s) Driving while distracted;

(t) Failing to use caution when operating a vehicle so close to another vehicle;

(u) Being otherwise negligent as revealed in discovery;

(v) Striking a stopped vehicle;

(w) Failing to keep eyes on the road;

(x) Failing to sound the horn;

(y) Failing to keep a foot on the break;

(z) Failing to have adequate and/or working headlights;

(aa) Failing to concentrate on driving;

(bb) Failing to slow down;

(cc) Failing to be cognizant of stopped/parked vehicles;

(dd) Failing to stay in the traffic lane;

(ee) Operating a vehicle without a clear view of the outside.

(ff) Operating a vehicle without adequate sleep or rest periods prior thereto

(gg) Operating a vehicle without the requisite alertness to do so

(hh) Negligent entrustment of a vehicle

(ii) Failing to adequately hire, train, and/or supervise their employees/drivers

(jj) Having drivers operate their vehicles without adequate sleep/rest periods to ensure proper alertness necessary to operate the vehicle

(kk) Failing to have proper safety measures in place to ensure the requisite alertness of their drivers/employees

Case ID: 211001967

28.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Jennifer Hughes**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Jennifer Hughes**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

BY: _s/Louis B. Himmelstein_
    LOUIS B. HIMMELSTEIN, ESQUIRE
    Attorney for Plaintiff

CLOSE

DocuSign Envelope ID: 0B8FC171-2798-4DC7-98E6-62AAD17CF675

Filed and Attested by the
Office of Judicial Records
25 OCT 2021 02:12 pm
M. RUSSO

## VERIFICATION

The undersigned, hereby deposes and says that the facts set forth in the attached Complaint, are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

10/25/2021
DATE

JENNIFER HUGHES

Case ID: 211001967